01

02

03

04

05

06                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
07                                   AT SEATTLE

08   RAMIRO CHAVEZ-VEGA,                    )
                                            )    CASE NO. C11-1038-MJP
09                 Petitioner,              )
                                            )
10          v.                              )
                                            )    REPORT AND RECOMMENDATION
11   NATHALIE ASHER, Seattle Field Office   )
     Director, United States Immigration and )
12   Customs Enforcement,                   )
                                            )
13                 Respondent.              )
     _____ )
14

15          I.      INTRODUCTION AND SUMMARY CONCLUSION

16          Petitioner Ramiro Chavez-Vega is a native and citizen of Mexico who is subject to a

17   reinstated order of removal.   On June 21, 2011, petitioner, proceeding through counsel, filed

18   the instant Petition for Writ of Habeas Corpus and Motion for Stay of Removal pursuant to 28

19   U.S.C. § 2241, challenging the reinstatement of his January 17, 2006 removal order.   (Dkt. 1.)

20   He argues that the United States Immigration and Customs Enforcement ("ICE") failed to

21   comply with the requirements for reinstatement of prior removal orders set forth in 8 U.S.C. §

22   1231(a)(5) and 8 C.F.R. § 241.8, and that he might be eligible for other relief.   *Id*.

REPORT AND RECOMMENDATION
PAGE -1

01 Respondent has filed an Opposition to Petitioner's Motion for Stay (Dkt. 8), and a Return and

02 Status Report (Dkt. 10), asserting that the Court lacks jurisdiction to consider the validity of a

03 reinstatement order and, therefore, lacks jurisdiction to enter a stay of removal. *Id*.

04     For the reasons set forth below, the Court recommends that petitioner's petition for writ

05 of habeas corpus and motion for stay of removal be denied, and that this matter be dismissed

06 with prejudice.

07         II.     BACKGROUND AND PROCEDURAL HISTORY

08     Petitioner, a native and citizen of Mexico, entered the United States without inspection

09 by an immigration officer on or about August 2004.  (Administrative Record ("AR") L9, L5.)

10 On May 10, 2005, he was convicted in the Superior Court of Washington County of Thurston

11 Juvenile Court of Unlawful Possession and Delivery of a Controlled Substance, To Wit:

12 Methamphetamine, and was sentenced to fifteen weeks imprisonment.  (AR L5, R3-9).

13     Petitioner was taken into immigration custody after completing his sentence and was

14 served with a Notice to Appear, charging him as subject to removal for being present in the

15 United States without being admitted or paroled after inspection by an immigration officer

16 under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").  (AR R18-19.)

17     On January 17, 2006, petitioner was ordered removed from the United States based on

18 the charges contained in the Notice to Appear, but was granted voluntary departure on or

19 before March 18, 2006.  (AR L75-76, R36.)  Petitioner failed to voluntarily depart as

20 ordered.  (AR R88.)  Accordingly, his voluntary departure order automatically converted to a

21 final order of removal on March 19, 2006.  (AR L75, R88, R36.)  On February 5, 2010,

22 petitioner was taken into immigration custody following a traffic stop, and was removed from

01    the United States on April 29, 2010, via a flight from Houston, Texas to Veracruz, Mexico.

02    (AR L32, L73, L77.)   Petitioner admitted to illegally re-entering the United States on or about

03    May 2010 without inspection by an immigration officer.   (AR L32, L77-78.)

04        On January 28, 2011, the Cowlitz County Sherriff's Office referred petitioner to

05    immigration officials as a possible criminal alien who was lodged pending disposition on local

06    charges of Alien in Possession of a Firearm, Possession of a Stolen Firearm, and Alter

07    Identification on Pistol.   (AR L32, R151.)

08        On June 16, 2011, ICE issued a Notice of intent to reinstate the prior order of removal,

09    indicating that petitioner was removed on April 29, 2010 pursuant to an order of removal and

10    illegally reentered the United States on or after April 29, 2010.   (AR L77.)   Petitioner was

11    provided the opportunity to make a sworn statement and was advised that he had a right to

12    consult an attorney before making any statements or answering any questions, had the right to

13    have an attorney present during questioning, and that if he could not afford one, an attorney

14    would be appointed to him before any questioning.   (AR L34-39.)   Petitioner refused to make

15    a statement or answer any questions.   *Id*.   ICE reinstated the prior removal order on June 16,

16    2011.   (AR L78, 80.)

17        On June 21, 2011, petitioner filed the instant Petition for Writ of Habeas Corpus and

18    Motion for Stay of Removal.   (Dkt. 1.)   The Court subsequently entered a temporary stay of

19    removal.   (Dkt. 4.)   This matter is now ripe for review.

20                           III.     DISCUSSION

21        "When an alien subject to removal leaves the country, the removal order is deemed to

22    be executed.   If the alien reenters the country illegally, the order may not be executed against

01 him again unless it has been 'reinstated' by an authorized official." *Morales-Izquierdo v.*

02 *Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007). A prior order of removal may be reinstated "[i]f

03 the Attorney General finds that an alien has reentered the United States illegally after having

04 been removed or having departed voluntarily, under an order of removal." 8 U.S.C. §

05 1231(a)(5). Section 1231(a)(5) further provides that the prior order of removal "is not subject

06 to being reopened or reviewed, the alien is not eligible and may not apply for any relief under

07 this chapter, and the alien shall be removed under the prior order at any time after the reentry."

08 *Id.*

09 As indicated above, petitioner alleged in his habeas petition that his removal is

10 unlawful because ICE did not follow the proper procedures in issuing the reinstatement order,

11 and that he may be eligible for relief. (Dkt. 1.) However, the Court has no jurisdiction to

12 consider a challenge to the validity of a reinstatement order.

13 Under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005),

14 Congress eliminated habeas review of "all questions of law and fact . . . arising from any action

15 taken or proceeding brought to remove an alien from the United States." 8 U.S.C. §

16 1252(b)(9). The REAL ID Act provides that "a petition for review filed with an appropriate

17 court of appeals in accordance with this section shall be the sole and exclusive means for

18 judicial review of an order of removal entered or issued under any provision" of the Act. 8

19 U.S.C. § 1252(a)(5); *see also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law

20 and fact, including interpretation and application of constitutional and statutory provisions,

21 arising from any action taken or proceeding brought to remove an alien from the United States .

22 . . shall be available only in judicial review of a final order under this section"); 8 U.S.C. §

01 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no

02 court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from

03 the decision or action by the Attorney General to commence proceedings, adjudicate cases, or

04 execute removal orders against any alien under this chapter").   Accordingly, district courts

05 lack jurisdiction over habeas petitions that seek judicial review of "any 'questions of law and

06 fact' arising from an order of removal."  *See Morales-Izquierdo v. Dept. of Homeland Sec.*,

07 600 F.3d 1076, 1082 (9th Cir. 2010).  "The Reinstatement Order to which [petitioner] is

08 subject qualifies as an order of removal that can only be challenged in a petition for review filed

09 directly with [the Ninth Circuit Court of Appeals]."  *See id.*; *see also Garcia de Rincon v.*

10 *Dept. of Homeland Sec.*, 539 F.3d 1133, 1140-41 (9th Cir. 2008).   Because the Court lacks

11 subject matter jurisdiction to consider the merits of petitioner's habeas petition, it also lacks

12 jurisdiction to stay petitioner's removal.

13                                          IV.      CONCLUSION

14          For the foregoing reasons, the Court recommends that petitioner's petition for writ of

15 habeas corpus and motion for stay of removal be DENIED, that this matter be DISMISSED

16 with prejudice, and that the previous temporary stay of removal issued by the Court be

17 VACATED.   A proposed order accompanies this Report and Recommendation.

18          DATED this 5th day of October, 2011.

19

20                                                         Mary Alice Theiler
                                                          United States Magistrate Judge

21

22